IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-1435-PAB

ANTHONY B. DIAS,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**ORDER AFFIRMING THE ADMINISTRATIVE LAW JUDGE**
_____

This matter comes before the Court on plaintiff Anthony B. Dias' complaint [Docket No. 3], filed on June 19, 2009.  Plaintiff, through counsel, seeks review of the final decision of defendant Michael J. Astrue (the "Commissioner") denying plaintiff's claim for disability insurance benefits under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33.  The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

**I. BACKGROUND**

On April 21, 2006, plaintiff filed applications for disability insurance benefits and supplemental security income, alleging a disability onset date of January 16, 2006.  R. at 95-102.  After plaintiff's claim was denied at the initial level, R. at 62-65, plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  R. at 66.  An ALJ conducted a hearing on January 8, 2008.  R. at 31-55.  In addition to plaintiff's testimony, the ALJ received the testimony of Dr. Robert Pelc, a licensed psychologist

and Deborah Christensen, a Vocational Expert ("VE"). On February 2, 2008, the ALJ determined that plaintiff was not disabled within the meaning of the Act. R. at 20. Plaintiff appealed this decision to the Appeals Council, who declined review. R. at 1-3. Therefore, the ALJ's denial stands as the Commissioner's final decision on this matter. Plaintiff filed a timely appeal with this Court, making the Commissioner's final decision reviewable. *See* 42 U.S.C. § 405(g) (2006); *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## II. ANALYSIS

### A. Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the Court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in his decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The Court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as

a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006). The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)). A finding that the claimant is disabled or not disabled at any point in

the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." *Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

**B. The ALJ Decision**

In his February 2, 2008 decision, the ALJ reached step four in the sequential five-step analysis. At step one, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since the date of his application. R. at 14. At step two, the ALJ determined that plaintiff had the following severe impairments: bipolar disorder, personality disorder, alcohol dependence, and substance dependence. *Id.* At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. at 15-16.

The ALJ then turned to the task of determining plaintiff's RFC and found that he had the residual functional capacity to perform

> a full range of work at all exertional levels but with the following nonexertional limitations: mild limitations in his ability to understand, remember, and carry out simple instructions and in his ability to make judgments on simple work-related decisions; had moderate limitations: in his ability to understand, remember, and carry out complex instructions; had marked limitations in his ability to make judgments on complex work-related decisions; mild limitations in his ability to interact appropriately with the public; and moderate limitations in his ability to interact appropriately with supervisors and co-workers, and in his ability to respond appropriately to usual work situations and to changes in a routine work setting.

R. at 17. In applying this RFC at step four, the ALJ found that plaintiff was able to perform his past relevant work as a forklift operator and a stocking clerk. R. at 19. Based on his step-five findings, the ALJ concluded that plaintiff had not been under a disability, as it is defined under the Act, from his alleged onset date of January 16, 2006 through the date of the ALJ's decision. R. at 20.

### C. Analysis

In his appeal, plaintiff objects to the ALJ's finding of no disability on four grounds: (1) that the ALJ erred at step three by finding that plaintiff's bipolar disorder did not meet or equal Listing 12.04; (2) that the ALJ improperly rejected the opinions of treating psychiatrist Dr. Victoria Jerome; (3) that the ALJ erred in ignoring limitations provided by Dr. Donald Glasco; and (4) that the ALJ erred by ignoring the effect of limitations provided by Dr. Pelc.

### 1. Alleged Step Three Error

Plaintiff claims that the ALJ erred at step three when he found that plaintiff's bipolar disorder did not meet or equal Listing 12.04.  Plaintiff argues that the ALJ erred by rejecting the opinion of treating psychiatrist Dr. Jerome, who opined that plaintiff had a diagnosis of bipolar disorder as well as marked restrictions of activities of daily living, marked difficulties in maintaining social functioning, and repeated episodes of decompensation within twelve months, each of at least two weeks duration.  R. at 268.  Dr. Jerome alternatively found that plaintiff had a medically documented history of affective disorder of at least two years duration that had caused more than a minimal limitation of his ability to do any basic work activity, with symptoms or signs currently attenuated by medication or psychosocial support and that he had suffered three episodes of decompensation within twelve months, each at least two weeks.  R. at 269.  Had the ALJ accepted either of these opinions, they would have necessitated a finding that plaintiff met Listing 12.04 for affective disorders.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04.

Upon review of the record, the Court determines that the ALJ properly rejected Dr. Jerome's opinions based on the ALJ's finding that they were unsupported by objective evidence in the record.  R. at 16.  As the ALJ noted, the evidence in the record does not support Dr. Jerome's finding that plaintiff had repeated episodes of decompensation lasting at least two weeks.  Plaintiff testified that his episodes occur every four to five months and last for no more than seven days, with three to four days of mania and three days of depression.  R. at 42-43.  Dr. Jerome's treatment notes also state that plaintiff's episodes last at most a few days.  *See* R. at 284, 297.  For plaintiff's

impairment to meet Listing 12.04, it either must satisfy the criteria of 12.04 Part A and B, or Part C, but whether such impairment satisfies either Listing is premised on Dr. Jerome's opinion that plaintiff suffers prolonged periods of decompensation.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.04.  Therefore, the ALJ did not err in finding that plaintiff's bipolar disorder did not meet or equal Listing 12.04.

### 2.  Rejection of Dr. Jerome's Opinion

Plaintiff further objects that the ALJ's rejection of Dr. Jerome's opinion was improper because Dr. Jerome is his treating psychiatrist.  An ALJ is required to give a treating physician's opinion controlling weight where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence."  20 C.F.R. § 404.1527(d)(2).  If an ALJ decides not to assign controlling weight to the treating source's opinion, he must give "specific, legitimate reasons for his decision."  *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001).  Ultimately, where an ALJ does not assign a treating source's opinion controlling weight, he must still determine its appropriate weight by looking to the factors which apply to all medical opinions and give good reasons for the weight he ultimately assigns it.  *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003).

As discussed above, the ALJ properly concluded that Dr. Jerome's opinion in the Mental Impairment Questionnaire was neither well-supported by medically acceptable clinical and laboratory diagnostic techniques nor consistent with the other substantial evidence and, therefore, did not need to be afforded controlling weight.  *See* 20 C.F.R. § 404.1527(d)(2).  Moreover, the ALJ gave a specific and valid reason for assigning the

opinions of non-treating sources Drs. Glasco and Pelc greater weight on these issues, namely that these opinions were better supported by the evidence in the record, including Dr. Jerome's own treatment notes.  *See Watkins*, 350 F.3d at 1301. Therefore, the ALJ did not err in his treatment of Dr. Jerome's opinion regarding the severity of plaintiff's bipolar condition.

### 3.  Limitations from Dr. Glasco

Plaintiff argues that, although the ALJ agreed with Dr. Glasco's opinion as to plaintiff's functioning, the ALJ improperly rejected Dr. Glasco's limitation of plaintiff to simple tasks and simple work-related instructions.  Plaintiff argues that this limitation precludes him from performing work requiring a reasoning level of two or three. Plaintiff's argument fails.  Even accepting that Dr. Glasco's opinion that plaintiff "can follow simple instructions, sustain ordinary routines and make simple work related decisions," R. at 179, limited him to only simple work, such a limitation is consistent with a reasoning level of two.  *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005).  Therefore, even assuming plaintiff's argument is correct, he still retained the reasoning level required of a forklift operator, and the ALJ did not err in finding plaintiff could return to his past relevant work.

### 4.  Limitations from Dr. Pelc

Plaintiff contends that the ALJ erred by not including limitations related to absences and additional supervision in his RFC.  Dr. Pelc testified at plaintiff's hearing that he found plaintiff had moderate difficulties in interacting with supervisors and co-workers because the records showed evidence of plaintiff's absenteeism and his

inflexibility in dealing with other people. R. at 38. Plaintiff argues that the ALJ did not account for these two limitations in formulating his RFC. This is not the case. The ALJ's RFC included the limitation of "moderate limitations in [plaintiff's] ability to interact appropriately with supervisors and co-workers," R. at 17, the very limitation Dr. Pelc explained was based on plaintiff's absenteeism and inflexibility in dealing with others. Therefore, the ALJ included these limitations in plaintiff's RFC and plaintiff's argument is unfounded.

## III.  CONCLUSION

For the reasons stated above, the Court concludes that the Commissioner's finding that the plaintiff is not disabled under the Act is based upon substantial evidence and represents a correct application of the law. As a result, the Commissioner's decision is AFFIRMED.

DATED March 11, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge